IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOEY HOWARD, #185 308, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-704-ECM |
| | ) | [WO] |
| JONATHAN WELCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Joey Howard brings this *pro se* 42 U.S.C. § 1983 action against Jonathan Welch, Wally Olson, Steve Baxley, Ron Nelson, and the Ozark Police Department. Howard alleges that he was subjected to an excessive use of force on July 23, 2018 at the Dale County Jail. Upon review, the court concludes the claims presented by Howard against the Ozark Police Department are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### II. DISMISSAL OF DEFENDANT

Howard names the Ozark Police Department as a defendant. To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Under federal and state law, a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So. 2d 1085,

---

[1] The court granted Howard leave to proceed *in forma pauperis* in this case. Doc. 3. Under 28 U.S.C. § 1915(e)(2)(B), and notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1087 (Ala. 1991). The Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns," such as police departments, "lack[] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the Ozark Police Department is not a legal entity subject to suit and is therefore due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Ozark Police Department be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Ozark Police Department be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against the remaining defendants be referred to the undersigned for further proceedings.

It is further ORDERED that on or before **September 13, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Howard*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 30th day of August, 2018.

                                                 /s/ Gray M. Borden
                                              GRAY M. BORDEN
                                              UNITED STATES MAGISTRATE JUDGE